```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
MICHAEL CORTES,

       Plaintiff,

   - against -

DEPARTMENT OF CORRECTIONS,

       Defendant.
```
------------------------------------------------------------X
```
**MEMORANDUM AND ORDER**
16-CV-1286 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Michael Cortes, who is currently incarcerated at the Brooklyn Detention Complex, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. (Compl. (Doc. No. 1).) Cortes's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Doc. No. 2), is hereby granted. Cortes's claim against the New York City Department of Correction, discussed below, is dismissed for failure to state a claim upon which relief may be granted. Cortes is granted thirty (30) days leave to submit an amended complaint.

## BACKGROUND

    The following facts are drawn exclusively from the complaint and are assumed to be true for purposes of this Memorandum and Order. Cortes states that on August 25, 2015, while he was incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island ("Rikers"), he was attacked by inmates. (Compl. at ¶ II.) Cortes alleges, in entirety: "I was attacked by inmates at GRVC housing area 4A[.] I was sent to Bellvue for treatment[.] [I] got a fractured jaw an[d] cut on upper right head. The 8 Amendment protects prisoners from cruel and unusual punishment." (*Id.*) It is unclear, what, if any, relief Cortes is seeking.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd,* 133 S. Ct. 1659 (2013) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

**I.      42 U.S.C. § 1983**

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Further, a plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

## II. New York City Department of Correction

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. The New York City Department of Correction is an agency of the City of New York. *See, e.g.*, *Glover v. New York City Dept. of Corr.*, No. 15-CV-1723, 2015 WL 3466990, at *2 (E.D.N.Y. June 1, 2015) (holding that the New York City Department of Correction lacks an independent legal existence and therefore is not a suable entity); *McNeil v. City of New York, NYPD*, No. 13-CV-4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013); *Campbell v. New York City*, No. 12-CV-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against DOC on the ground that it is a non-suable entity). As such, the New York City Department of Correction is not a suable entity. Accordingly, Cortes's claim against the New York City Department of Correction is dismissed. *See* 28 U.S.C. § 1915A(b).

## III. Failure to Protect

Cortes asserts that his Eighth Amendment rights have been violated. Liberally construed, Cortes may be asserting that officials failed to protect him from an assault by other inmates. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement" and to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). One aspect of this duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833; *Randle v. Alexander*, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013). To state a claim, "an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities,

4

and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citation omitted); *Henry v. County of Nassau*, No. 13-CV-7427, 2015 WL 2337393, at *5 (E.D.N.Y. May 13, 2015).

Here, in addition to failing to name a proper defendant or defendants, Cortes fails to allege facts sufficient to satisfy either the objective or subjective components of deliberate indifference for a failure-to-protect claim. He fails to allege any facts to show that any correctional staff members acted with deliberate indifference to his health and safety or that he was incarcerated under conditions which posed a risk of serious harm. For this reason, the complaint is dismissed for failure to state a claim that it plausible on its face. *See* 28 U.S.C. § 1915A(b).

**IV.   Leave to Amend**

In light of Cortes's *pro se* status, the Court grants Cortes thirty (30) days from the date of this Order to file an amended complaint. Cortes is informed that if he elects to file an amended complaint it must contain a brief factual description giving rise to his § 1983 claim. Cortes must state whether he was a pre-trial detainee or a convicted prisoner at the time of the incident.[1] Moreover, Cortes must allege how each named defendant was personally involved in the alleged constitutional violation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). For each defendant that is named in the caption of the complaint, Cortes must include a brief description of what that defendant did or failed to do, and how that act or omission caused him injury. If

---

[1] Where an individual is incarcerated as a pretrial detainee, protection from mistreatment arises from the Due Process Clause of the Fourteenth Amendment if in state custody. Courts, however, apply the same deliberate indifference standard as in the Eighth Amendment context to such claims. *Stewart v. Schiro*, No. 13-CV-3613, 2015 WL 1854198, at *5 (E.D.N.Y. Apr. 22, 2015).

Cortes wishes to bring claims against a defendant and does not know the name of the individual, he may identify each unknown defendant as John or Jane Doe, provide place of employment, and to the best of his ability describe each individual. Cortes is further informed that an amended complaint does not simply add information to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that Cortes includes in the amended complaint all of the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

## CONCLUSION

Accordingly, Cortes's complaint against the New York City Department of Correction is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). If Cortes fails to amend his complaint within thirty (30) days from the date of this Order, the Court shall enter judgment. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to the plaintiff *pro se* and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      April 13, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge